Sally Leisure, OSB 83059
SRL Legal, LLC
25-6 NW 23rd Place, #241
Portland, OR  97210
Telephone:  503.781.8211
Email:  sally@sallyleisure.com

Attorney for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

ROCK POND ACRES, LLCCase No.  20-30574-pcm11

Debtor-in-Possession.RESPONSE TO TRUSTEE'S
MOTION TO DISMISS

_____

Debtor in Possession submits the following response to the US Trustee's Motion to Dismiss:

The US Trustee's Motion should be denied because Debtor is not involved in any illegal business.   Debtor is a single asset real estate entity and leases its land to several tenants.  Two of those tenants hold licenses to produce marijuana under the authority of the Oregon Liquor Control Commission.  This does not constitute gross mismanagement.

## JURISDICTION

1   Debtor's Response to Trustee's Motion to Dismiss

Debtor acknowledges that 11 USC 307 and 1112(b) give this Court jurisdiction to hear and decide the US Trustee's Motion.

## FACTS

Debtor leases its agricultural land to various users two of whom are licensed and regulated by the State of Oregon to produce marijuana. Debtor has used rents to pay interest as adequate protection to secured creditors. Debtor does not dispute the facts alleged by the per se rule US Trustee. Those facts, however, do not support the assertion that Debtor is mismanaging or harming the assets of the estate. Debtor's proposed a plan of reorganization is to obtain a new loan to refinance the existing debt on the property and thereby pay all creditors in full. The plan will be consummated on the closing of the new loan. Debtor has proposed this plan in good faith and not by any means forbidden by law.

## TRUSTEE'S LEGAL ARGUMENT

The US Trustee argues that production of marijuana is illegal under federal law and therefore Debtor's lease of land to marijuana producers is per se gross mismanagement. The US Trustee relies on cases from Colorado and the 10$_{th}$ Circuit.

## DEBTOR'S LEGAL ARGUMENT

Debtor's proposed plan "provides for creditors' repayment and debtors' ongoing operations so it is consistent with the objectives and purpose of the Bankruptcy Code." Garvin v. Cook, 922 F3d 1031, 1036 (9$_{th}$ Cir. 2019). Debtor is proceeding with actions to preserve the estate for the benefit of all interested parties. The two marijuana leases are not damaging or endangering property of the estate.

1. Oregon Law.

Under Oregon law leasing land to a licensed marijuana producer is not a crime and is expressly authorized by state statute and local rules. ORS Chapter 475B and OAR Chapter 845, Division 25 define Oregon's regulation of cannabis. The United States Department of Justice ("DOJ") relies on the states that allow marijuana production and use to construct their laws and enforcement procedures to address very specific federal concerns as set out in a memorandum dated August 29, 2013, ("Cole memo") which is attached as Exhibit 1.

The US Attorney for Oregon, Billy Williams in response to updated direction from DOJ, on January 4, 2018, added this to his office's official website:

> "As noted by Attorney General Sessions, today's memo on marijuana enforcement directs all U.S. Attorneys to use the reasoned exercise of discretion when pursuing prosecutions related to marijuana crimes. We will continue working with our federal, state, local and tribal law enforcement partners to pursue shared public safety objectives, with an emphasis on stemming the overproduction of marijuana and the diversion of marijuana out of state, dismantling criminal organizations and thwarting violent crime in our communities."

The DOJ continues to focus its enforcement efforts on assuring that state and local laws specifically address the federal concerns. The DOJ has focused its prosecutorial attention on situations that put the listed concerns at risk. The DOJ has accepted the robust enforcement by the State of Oregon and continues its dialogue with the state and local entities responsible for enacting and enforcing the local laws. Oregon's regulatory system is consistent with and promotes DOJ's enforcement priorities.

Rock Pond is not involved in operating the subject businesses. Nor is the Debtor engaged in supervising, testing, monitoring, or in any way involving itself in the operations. The OLCC is responsible for enforcement and compliance. The OLCC

3   Debtor's Response to Trustee's Motion to Dismiss

would notify Rock Pond of a license change.  The leases provide that on a finding by the OLCC that the tenant/licensee has violated any of the applicable statutes or regulations, the lease would terminate.

    2.    Plan Confirmation

In the 9th Circuit rental income derived from a tenant who produces marijuana can be used to meet plan obligations.  <u>Garvin v. Cook, supra.</u>  The decision in the Cook case is based on 11 USC 1129(a)(3) which requires that debtor propose a plan in good faith.  The 9th Circuit was not considering a motion to dismiss but the lower court had denied a motion to dismiss pending consideration of the plan of reorganization.  Under the <u>Garvin</u> analysis a plan proposed in good faith can meet the requirements of 1129 even if rent received is derived from an illegal source.

If Debtor is unable to consummate a plan of reorganization or pay its creditors in full the likely outcome would be foreclosure by AMR Investment Group, Inc.  AMR or its successor would then collect the rents.  We know that pre petition AMR was prepared to sell the property through a trustee's sale and that Michael Vandeweile intended to purchase the property at the sale.  The interests of the Debtor would be foreclosed.  Neither Debtor or any of the other creditors would recover anything.  Appointment of a federal trustee is not likely in this case.

    3.    US Trustee

The US Trustee has put itself in the awkward position of urging dismissal which will harm creditors when its principal role is to protect all creditors and interested parties in a bankruptcy case.

> The mission of the United States Trustee Program is to promote the integrity and efficiency of the bankruptcy system for the benefit of all stakeholders – debtors, creditors, and the public.

The position is even more awkward because pursuant to the Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 542, 129 Stat. 2242, 2332–33 (2015), Congress has specifically directed enforcement agencies of the federal government not to interfere with the lawful activity in states that have legalized marijuana by the following:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Jersey, New Hampshire, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

This provision has been renewed by Congress. In Oregon substantially all regulation of marijuana, medical and recreational, is administered through the OLCC. The Court in US v. McIntosh, 833 F3d 1163 (9th Cir. 2016) ruled that DOJ could not prosecute defendants for marijuana crimes if the defendants were complying with state law and noted that the appropriations rider applied to the evolving law. There is no evidence in that Rock Pond's tenants have failed to comply with Oregon law. The US Trustee should not be worrying about Rock Pond's leases without more.

4. Gross Mismanagement

If the purpose of bankruptcy law is to protect the estate and the interests of all parties, then mismanagement of the estate would imply loss in value or inequitable

treatment of parties.  Neither loss nor inequitable treatment is occurring nor is it likely to under the Debtor's plan.

What we have is an Oregon landowner leasing land to a legal Oregon business. The US Trustee wants the court to rule that the leases per se constitute an abuse of bankruptcy law.

11 USC 1112(b)(4)(B) authorizes dismissal of a case for gross mismanagement. Gross mismanagement is not further defined.  The case law does not offer a clear, objective standard.  It would be absurd to find management guilty of gross mismanagement just because debtor is in financial difficulty.  The purpose of bankruptcy law is to recover from financial difficulty so that makes no sense.

A debtor in possession has a fiduciary duty to protect, conserve, and preserve the estate.  If management creates a substantial adverse risk which would impair the ability to pay creditors, arguably that would constitute mismanagement.  It would have to be more than mere negligence; it would have to be intentional.

The case law bears this out.  In In re 10 Bears at Chiloquin, Inc., 2007 Bankr. LEXIS 1997 (Bankr. D. Or. June 6, 2007) the court found gross mismanagement where debtor made improper loans to insiders who did not appear to have the means to repay the loans, failed to file tax returns and account for compensation paid, failed to disclose unpaid loans, and fraudulently transferred assets.  The court in In re Hoyle, No. 10-01484-TLM, 2013 Bankr. LEXIS 420 (U.S. Bankr. D. Idaho Jan. 17, 2013 found gross mismanagement in debtor's failure to keep clear accounting records post-petition and transferring post-petition income without authority.

The US Trustee suggests that allowing the case to go forward could require the debtor or the US Trustee to do illegal acts. Neither the Debtor or any subsequent receiver or trustee of Debtor's business would be asked to operate under the OLCC license. In two cases cited by the US Trustee the courts have declined to require the US Trustee or another bankruptcy trustee to administer marijuana assets or to be put at risk of enforcement actions from its own DOJ. In re Arenas, 514 B.R. 887 (Bankr. D. Colo. 2014); In re Medpoint Management, LLC, 528 B.R. 178 (Bankr. D. Ariz. 2015). That is not an issue in this case. The license does not belong to the Debtor but to the Debtor's tenant. Nor is there any likelihood of the US Trustee being asked to collect rents on behalf of the Debtor. Therefore, the risk of the US Trustee or any trustee being involved with collecting rents from a marijuana producer are slim.

The US Trustee argues that the property of the estate may be subject to forfeiture or seizure because of the tenant's use of the property. The US Trustee relies on In re Rent-Rite Super Kegs West Ltd., 484 B.R. 799 (Bankr. D. Colo. 2012) which allowed dismissal of a Chapter 11 case. The case was decided in 2012 before Congress prohibited enforcement actions against activities legal under state law in 2015. The law is indeed murky. Given the facts and the murkiness of the law in this area, neither forfeiture or seizure is likely.

Rock Pond holds significant equity in its real property. 11 USC 1112(b)(2) does not require the Court to convert or dismiss a case if unusual circumstances exist weighing against such action, and (A) there is a reasonable likelihood that a plan will be confirmed within a reasonable time period and (B) there is reasonable justification for the act or omission that provides cause for dismissal which will be cured within a

7   Debtor's Response to Trustee's Motion to Dismiss

reasonable period of time. In this case dismissal would harm the Debtor and creditors. Debtor has in good faith proposed a plan and a plan could be confirmed within a reasonable period of time. The confirmation itself would cure the US Trustee's objection that the Debtor in the context of a Chapter 11 is collecting rent money from a tenant who would be found violating federal law but for current Oregon law, US Attorney guidance, and Congressional prohibitions on enforcement actions.

The US Trustee reminds the Court that this proceeding is in equity and should not "lend its judicial power to a plaintiff who seeks to invoke that power for the purpose of consummating a transaction in clear violation of law." Debtor submits that it is not clear Debtor has violated a law.

## CONCLUSION

There is no evidence of gross mismanagement. Debtor asks the court to deny the US Trustee's Motion to Dismiss this case.


DATED: June 12, 2020    /s/ Sally Leisure_____
Sally Leisure, OSB 830598
SRL Legal LLC
25-6 NW 23rd Place, #241
Portland, OR  97210
sally@sallyleisure.com
503.781.8211
Attorney for Debtor-in Possession

8   Debtor's Response to Trustee's Motion to Dismiss

CERTIFICATE OF SERVICE

       I certify that on June 12, 2020, I filed this Response and it was served on parties through ECF. In addition I certify that on June 12, 2020, I emailed a copy of this Response to the following:

Christian Torimino, Office of the US Trustee

Phyllis Brinkley, Managing Member of Debtor

I further certify that on June 12, 2020, I mailed, by first class mail, copies to each of the following:

Portland General Electric
7895 SW Mohawk St.
Tualatin, OR 97062

Clackamas County Tax Assessor
2051 Kaen Rd
Oregon City, OR 97045

Oregon Department of Revenue Bankruptcy
955 Center St. NE
Salem, OR 97301-2555

       /s/ Sally Leisure
       Sally Leisure, OSB 830598
       sally@sallyleisure.com
       503.781.8211
       Attorney for Debtor

9   Debtor's Response to Trustee's Motion to Dismiss